**FILED**
**FEBRUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1233**

| | | |
|---|---|---|
| Colleen Mitchell, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Marauder Corporation, a California corporation, d/b/a Collection Professional Services and d/b/a Nationwide Capital Recovery, Experian Information Solutions, Inc., an Ohio corporation, and TransUnion, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | **JUDGE LEINENWEBER** **MAGISTRATE JUDGE SCHENKIER** <u>Jury Demanded</u> |
|     Defendants. | ) | |

## COMPLAINT

Plaintiff, Colleen Mitchell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u> ("FCRA"), for a declaration that Defendants' debt collection and consumer credit reporting practices are illegal, and to recover damages for Defendants' violations of the FDCPA and FCRA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant to § 1692k(d) of the FDCPA, § 1681p of the FCRA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant TransUnion resides here, and all Defendants transact business here.

## PARTIES

3. Plaintiff, Colleen Mitchell ("Mitchell"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant Marauder attempted to collect a delinquent consumer debt allegedly owed to American Medical Management, Inc., for medical services, and who obtained copies of her consumer credit files from Defendants Experian and TransUnion.

4. Defendant, Marauder Corporation, d/b/a Collection Professional Services and d/b/a Nationwide Capital Recovery ("Marauder"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.  Moreover, Marauder acts as a furnisher of credit information pursuant to § 1681s-2 of the FCRA because it regularly furnishes information to one or more consumer reporting agencies, and furnished account information about Ms. Mitchell to Defendants Experian and TransUnion.

5. Defendant Experian Information Solutions, Inc. ("Experian"), is an Ohio corporation, that acts as a consumer reporting agency as defined by § 1681f of the FCRA, because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by § 1681d of the FCRA, to third parties.

6. Defendant TransUnion, LLC ("TransUnion"), is a Delaware limited liability company, that acts as a consumer reporting agency as defined by § 1681f of the FCRA,

because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by § 1681d of the FCRA, to third parties.

**FACTUAL ALLEGATIONS**

7. In 2002, Ms. Mitchell obtained medical services from American Medical Management/MCJM, Inc. ("American Medical").

8. On September 30, 2004, American Medical sent a letter to Ms. Mitchell, requesting payment for an outstanding balance of $1,305 for unpaid claims by Ms. Mitchell's insurance carrier (through the Structural Iron Workers Fund/ Group Administrators, Ltd.) and informing Ms. Mitchell that American Medical's offices had closed. A copy of this letter is attached hereto as Exhibit A.

9. Upon receipt of American Medical's notice (Exhibit A), Ms. Mitchell contacted her insurance carrier regarding payment of the alleged debt and was informed that her insurance carrier was awaiting overdue information from American Medical necessary to issue a payment. Ms. Mitchell sent a letter confirming her conversation with the insurance carrier to American Medical.

10. Thereafter, American Medical referred the account to Defendant Marauder for collection, and on March 10, 2005, Defendant Marauder sent Ms. Mitchell an initial form collection letter demanding payment of the alleged American Medical debt in the amount of $3,256.39. This collection letter was the only written communication that Ms. Mitchell received from Defendant Marauder. A copy of this letter is attached hereto as Exhibit B.

11.     Upon receipt of Marauder's collection letter, Ms. Mitchell contacted Marauder and disputed the debt with Marauder and requested a statement breaking down the medical services, but Marauder informed her that it did not have any medical records and was merely given American Medical's open accounts.  Accordingly, Ms. Mitchell again contacted her insurance carrier regarding its payment of the debt.

12.     In June 2006, Ms. Mitchell began receiving incessant telephone calls from Defendant Marauder at home, on her cell phone and at her place of employment.  In these telephone calls, the collectors stated that they were calling from "Collection Professional Services" or "CPS," one of Defendant Marauder's registered trade style names.  During one of their conversations, Ms. Mitchell again asked Defendant Marauder for a letter breaking down all of the fees and to provide contact information for American Medical, but Marauder's debt collector refused to send the information.

13.     On July 18, 2006, Ms. Mitchell's insurance carrier issued two payments to "Nationwide Recovery," another business name used by Defendant Marauder.  The payments totaled $1,105 and paid in full the American Medical debts.  See, July 19, 2006 letter and proof of payment attached hereto as Exhibit C.

14.     Nonetheless, during July and August, 2006, Marauder continued to contact Ms. Mitchell incessantly, via telephone at home, work and on her cell phone.  During these telephone calls, Defendant demanded payment of over $3,000 in alleged collection fees from Ms. Mitchell related to the paid American Medical debt.  Accordingly, on September 6, 2006, Ms. Mitchell sent a letter to Defendant Marauder requesting that it cease all communications with her.  A copy of this letter is attached as Exhibit D.

15. Defendant Marauder continued to contact Ms. Mitchell repeatedly using an automated voice system and left messages on Ms. Mitchell's answering machine at home and on her voicemail at work, stating "[T]his is CPS calling for Colleen Mitchell," referenced an account number, and left a return telephone number.

16. Additionally, in March, 2007, Defendant Marauder continued to contact Ms. Mitchell, and also began calling Ms. Mitchell's 80-year-old mother, at her mother's residence, to demand payment of the paid American Medical debt. Defendant Marauder continued to contact Ms. Mitchell and her mother, by telephone, throughout April 2007.

17. In May, 2007, Ms. Mitchell obtained copies of her credit reports from Defendant Experian and Defendant TransUnion and noticed that Defendant Marauder had falsely reported to both agencies that she owed Marauder a balance of over $3,000. Defendant Marauder had absolutely no basis for attempting to collect such collection fees. Accordingly, Ms. Mitchell disputed the listing by Defendant Marauder with Experian and TransUnion.

18. Defendant TransUnion responded to Ms. Mitchell's dispute by sending her an "Updated credit file," dated May 31, 2007, in which TransUnion set forth that it had completed an investigation, and that there was a *verified* past due balance of $3,484, which was false because Marauder had no basis for claiming such a balance was ever due. This report also set forth an original balance of $1,305 owed for an open collection account to Defendant Marauder, but failed to set forth that the account was paid in full, and disputed by the consumer. The relevant portions of this credit report are attached as Exhibit E.

19. On June 6, 2007, Defendant Experian responded to Ms. Mitchell's dispute and sent her an updated credit report, which included a "Summary of Investigation Results," that set forth the Marauder account was "verified on Jun 2007 and remains unchanged," that the information would remain in her credit file, and inaccurately set forth that there was a balance due of $3,484, which was false because Marauder had no basis for claiming such a balance was ever due.  This report also set forth an original balance of $1,305 owed for an open collection account to Defendant Marauder, but failed to set forth that the account was paid in full, and disputed by the consumer.  The relevant portions of this credit report are attached as Exhibit F.

20. Upon receipt of the results of TransUnion's and Experian's purported investigations as to the information furnished by Marauder on her credit reports, on June 25, 2007, Ms. Mitchell sent a further detailed dispute letter, via Certified U.S. Mail, to TransUnion and Experian and included with her dispute letters, proof that the debt was paid.  Ms. Mitchell also copied both dispute letters to Defendant Marauder, via Certified U.S. Mail.  Copies of the June 25, 2007 letters to TransUnion and Experian are attached as Exhibits G and H respectively.

21. On August 2, 2007, Ms. Mitchell received another *updated* credit report from TransUnion, relative to her June 25, 2007 dispute letter.  The first page of the updated report set forth that TransUnion had completed an investigation regarding the Marauder Corporation listing and the "Investigation Results" included "NEW INFORMATION BELOW."  The relevant portions of this credit report are attached as Exhibit I.

22.     Ms. Mitchell also received an *updated* credit report from Experian, dated August 15, 2007, in response to her June 25, 2007 dispute letter. The relevant portions of this credit report are attached as Exhibit J.

23.     The updated credit reports from TransUnion and Experian each respectively set forth purportedly verified listings of the information furnished by Marauder Corporation, and nonetheless set forth that there was still a balance due of $1,844. Other than noting that the Marauder Corporation listing was disputed by the consumer, however, the August, 2007 TransUnion and Experian credit reports did not include any other different or new information from the previous reports. See, Exhibits I and J.

24.     Additionally, Ms. Mitchell obtained a copy of her TransUnion credit report on February 25, 2008, which sets forth the same false information relative to the Marauder Corporation listing, specifically that there is still a balance due of $1,844. Moreover, this credit report sets forth that the information furnished by Marauder was updated as of February 2008. The relevant portions of this credit report are attached as Exhibit K.

25.     TransUnion and Experian have received numerous disputes from other consumers throughout the country relative to incorrect account information being listed on their credit reports by Marauder. In light of the fact that TransUnion and Experian repeatedly refused to conduct an independent investigation relative to Ms. Mitchell's disputes and unreasonably and willfully relied on the incorrect account information furnished by Defendant Marauder, in spite of Ms. Mitchell's repeated disputes,

TransUnion and Experian have persisted in unlawfully including false information in Ms. Mitchell's credit file.

26. All of Defendant Marauder's actions for which redress is sought occurred within one year of the date of this Complaint.

27. Defendant Marauder's statements are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

28. All of Defendants Experian and TransUnion's actions for which redress is sought occurred within two years of the date of this Complaint.

## COUNT I
### Violations Of § 1692e Of The FDCPA – Making False Statements

29. Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against Defendant Marauder.

30. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to: the false representation of the character, amount or legal status of any debt; and, communicating any personal credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. See, 15 U.S.C. § 1692e(2)(A) and § 1692e(8).

31. By repeatedly misrepresenting the character and amount of the American Medical debt, by attempting to collect unauthorized collection fees, and by repeatedly communicating false credit information to TransUnion and Experian, Defendant

Marauder made false, deceptive, and/or misleading statements in violation of § 1692e of the FDCPA.

32. Defendant Marauder's violation of § 1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA – Unfair And Unconscionable Collection Actions

33. Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against Defendant Marauder.

34. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C. § 1692f(1).

35. By repeatedly misrepresenting the character and amount of the American Medical debt, attempting to collect unauthorized collection fees, communicating false credit information to TransUnion and Experian, and by contacting Ms. Mitchell's mother in connection with its attempts to collect the alleged American Medical debt, Defendant Marauder used unfair and unconscionable collection actions in violation of § 1692f of the FDCPA.

36. Defendant Marauder's violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c Of The FDCPA –
### Communicating With Third Party

37.     Plaintiff adopts and realleges ¶¶ 1-28.  This Count is brought solely against Defendant Marauder.

38.     Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with any person other than the consumer, or the consumer's attorney, in connection with the collection of any debt, without the prior consent of the consumer given directly to the debt collector.  See, 15 U.S.C. § 1692c(b).

39.     Defendant Marauder violated § 1692c(b) of the FDCPA by repeatedly calling Ms. Mitchell's in connection with its attempts to collect the alleged American Medical debt.

40.     Defendant Marauder's violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT IV
### Violations Of § 1681s-2(b) Of The FCRA –
### Failing To Conduct Reasonable Investigation

41.     Plaintiff adopts and realleges ¶¶ 1-28.  This Count is brought solely against Defendant Marauder.

42.     Section 1681s-2(b) of the FCRA requires that, upon receipt of notice of a consumer's dispute, made pursuant to § 1681i of the FCRA, as to information reported in the consumer's credit file, a furnisher of credit information must conduct an investigation as to the consumer's dispute, review all of the information provided by the consumer reporting agency and report the results of the investigation to the credit reporting agency.  See, 15 U.S.C. § 1681s-2(b).

43. By refusing or failing to reinvestigate the status of Ms. Mitchell's account in response to her disputes with the credit reporting agencies and thus, furnishing false information to TransUnion and Experian, Defendant Marauder violated § 1681s-2 of the FCRA.

44. Defendant Marauder's violations of § 1681s-2 of the FCRA were willful, rendering it liable for actual and punitive damages, costs and attorneys' fees pursuant to § 1681n of the FCRA.  See, 15 U.S.C. § 1681n.  In the alternative, Marauder's violations were negligent, rendering it liable for actual damages, costs and attorneys' fees, pursuant to § 1681o of the FCRA.  See, 15 U.S.C. § 1681o.

**COUNT V**
**Violations Of § 1681i Of The FCRA –**
**Failing To Conduct Reasonable Investigation**

45. Plaintiff adopts and realleges ¶¶ 1-28.  This Count is brought against Defendants TransUnion and Experian.

46. Section 1681i of the FCRA requires that, upon receipt of a consumer's dispute as to information in the consumer's credit file, a credit reporting agency must report the dispute to the furnisher of the credit information and conduct a reasonable investigation independent of the furnisher's investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the consumer's credit file.  See, 15 U.S.C. § 1681i.

47. By refusing or failing to prevent the improper placement of incorrect credit information furnished by Marauder on Ms. Mitchell's credit files, and by failing to conduct a reasonable independent investigation upon receipt of Ms. Mitchell's dispute, Defendants, TransUnion and Experian, violated § 1681i of the FCRA.

48. Defendants TransUnion and Experian's violations of § 1681i of the FCRA were willful, rendering them liable for actual and punitive damages, costs and attorneys' fees pursuant to § 1681n of the FCRA. See, 15 U.S.C. § 1681n. In the alternative, TransUnion and Experian's violations were negligent, rendering them liable for actual damages, costs and attorneys' fees, pursuant to § 1681o of the FCRA. See, 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

Plaintiff, Colleen Mitchell, prays that this Court:

1. Declare that Defendant Marauder's collection practices and letters violate the FDCPA;

2. Enter judgment in favor of Plaintiff Mitchell and against Defendant Marauder, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3. Declare that all Defendants' credit investigation procedures violate the FCRA;

4. Enter judgment in favor of Plaintiff Mitchell and against all Defendants, for damages, costs and reasonable attorneys' fees, as provided by § 1681n or §1681o of the FCRA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Colleen Mitchell, demands trial by jury.

Colleen Mitchell,

By: /s/ David J. Philipps
Dated: February 29, 2008                     One of Plaintiff's Attorneys

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)