**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COLLEEN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 08 C 1233 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| MARAUDER CORPORATION, a California | ) | Magistrate Judge Schenkier |
| Corporation, d/b/a COLLECTION | ) | |
| PROFESSIONAL SERVICES and d/b/a | ) | |
| NATIONWIDE CAPITAL RECOVER, | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC. and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MARAUDER CORPORATION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Marauder Corporation, d/b/a Collection Professional Services and d/b/a

Nationwide Capital Recovery, through its attorneys, Reed Smith LLP, answers the Complaint

and states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over Plaintiffs FDCPA and FCRA claims pursuant to

§ 1892k(d) of the FDCPA, § 1681p of the FCRA, and 28 U.S.C. § 1331.

**ANSWER:**    Defendant admits the allegations in Paragraph 1.

2.      Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, Defendant TransUnion resides here, and all Defendants transact business

here.

**ANSWER:**    Defendant lacks knowledge to either admit or deny the allegation in Paragraph 2.

## PARTIES

3.      Plaintiff, Colleen Mitchell ("Mitchell"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant Marauder attempted to collect a delinquent consumer debt allegedly owed to American Medical Management, Inc., for medical services, and who obtained copies of her consumer credit files from Defendants Experian and TransUnion.

**ANSWER:**    Defendant lacks knowledge to either admit or deny that Mitchell is a citizen of the State of Illinois, residing in the Northern District of Illinois.  Defendant denies that it obtained a copy of a credit file from TransUnion or Experian, but admits the remaining allegations in Paragraph 3.

4.      Defendant, Marauder Corporation, d/b/a Collection Professional Services and d/b/a Nationwide Capital Recovery ("Marauder"), is a California corporation, that acts as a debt collector, as defined by § 1892a of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Moreover, Marauder acts as a furnisher of credit information pursuant to § 1,681s-2 of the FCRA because it regularly furnishes information to one or more consumer reporting agencies, and furnished account information about Ms, Mitchell to Defendants Experian and TransUnion.

**ANSWER:**    Defendant admits it is a California corporation.  The remaining allegations in Paragraph 4 state a legal conclusion to which no answer is required.

5.      Defendant Experian Information Solutions, Inc. ("Experian"), is an Ohio corporation, that acts as a consumer reporting agency as defined by § 1681f of the FCRA,

because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by § 1681d of the FCRA, to third parties.

**ANSWER:**    Defendant lacks knowledge to either admit or deny the allegations of Paragraph 5.

6.    Defendant TransUnion, LLC (''TransUnion''), is a Delaware limited liability company, that acts as a consumer reporting agency as defined by § 1681f of the FCRA, because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by § 1681d of the FCRA, to third parties.

**ANSWER:**    Defendant lacks knowledge to either admit or deny the allegations of Paragraph 6.

## FACTUAL ALLEGATIONS

7.    In 2002, Ms. Mitchell obtained medical services from American Medical Management/MCJM, Inc. ("American Medical").

**ANSWER:**    Defendant admits the allegations in Paragraph 7.

8.    On September 30, 2004, American Medical sent a letter to Ms. Mitchell, requesting payment for an outstanding balance of $1,305 for unpaid claims by Ms. Mitchell's insurance carrier (through the Structural tree Workers Fund/ Group Administrators, Ltd.) and informing Ms. Mitchell that American Medical's offices had closed. A copy of this letter is attached hereto as Exhibit A.

**ANSWER:**    Defendant admits that American Medical sent a letter to Ms. Mitchell, a copy of which is attached to the Complaint as Exhibit A.

9.    Upon receipt of American Medical's notice (Exhibit A), Ms. Mitchell contacted her insurance carrier regarding payment of the alleged debt and was informed that her insurance

carrier was awaiting overdue information from American Medical necessary to issue a payment.
Ms. Mitchell sent a letter confirming her conversation with the insurance carrier to American
Medical.

**ANSWER:**    Defendant lacks knowledge sufficient to admit or deny the allegations in
Paragraph 9, and therefore denies the same.

10.    Thereafter, American Medical referred the account to Defendant Marauder for
collection, and on March 10, 2005, Defendant Marauder sent Ms. Mitchell an initial form
collection letter demanding payment of the alleged American Medical debt in the amount of
$3,256.39. This collection letter was the only written communication that Ms. Mitchell received
from Defendant Marauder. A copy of this letter is attached hereto as Exhibit B.

**ANSWER:**    Defendant admits that American Medical referred Ms. Mitchell's account to
Defendant for collection.  Defendant further admits that it sent a letter to Ms. Mitchell dated
March 10, 2005, a copy of which is attached to the Complaint as Exhibit B.  Defendant lacks
knowledge sufficient to admit or deny the remaining allegations in Paragraph 10, and therefore
denies the same.

11.    Upon receipt of Marauder's collection letter, Ms. Mitchell contacted Marauder
and disputed the debt with Marauder and requested a statement breaking down the medical
services, but Marauder informed her that it did not have any medical records and was merely
given American Medical's open accounts. Accordingly, Ms. Mitchell again contacted her
insurance carrier regarding its payment of the debt.

**ANSWER:**    Defendant admits that Ms. Mitchell contacted Defendant on several occasions.
Defendant denies Ms. Mitchell requested a statement breaking down the medical services.
Defendant admit that it informed Ms. Mitchell that it did not have any medical records and was

given American Medical's open accounts.  Defendant lacks knowledge sufficient to either admit or deny the second sentence in Paragraph 11, and therefore denies the same.

12.    In June 2006, Ms. Mitchell began receiving incessant telephone calls from Defendant Marauder at home, on her cell phone and at her place of employment. In these telephone calls, the collectors stated that they were calling from "Collection Professional Services" or "CPS," one of Defendant Marauder's registered trade style names. During one of their conversations, Ms. Mitchell again asked Defendant Marauder for a letter breaking down all of the fees and to provide contact information for American Medical, but Marauder's debt collector refused to send the information.

**ANSWER:**    Defendant denies the allegations in Paragraph 12.

13.    On July 18, 2006, Ms. Mitchell's insurance carrier issued two payments to "Nationwide Recovery," another business name used by Defendant Marauder.  The payments totaled $1,105 and paid in full the American Medical debts. See, July 19, 2006 letter and proof of payment attached hereto as Exhibit C.

**ANSWER:**  Defendant admits that partial payment was made to Nationwide Recovery. Defendant denies the remaining allegations in Paragraph 13.

14.    Nonetheless, during July and August, 2006, Marauder continued to contact Ms. Mitchell incessantly, via telephone at home, work and on her cell phone. During these telephone calls, Defendant demanded payment of over $3,000 in alleged collection fees from Ms. Mitchell related to the paid American Medical debt. Accordingly, on September 6, 2006, Ms. Mitchell sent a letter to Defendant Marauder requesting that it cease all communications with her. A copy of this letter is attached as Exhibit D.

**ANSWER:**    Defendant denies the first and second sentences of Paragraph 14.  Defendant admits the remaining allegations in Paragraph 14.

15.    Defendant Marauder continued to contact Ms. Mitchell repeatedly using an automated voice system and left messages on Ms. Mitchell's answering machine at home and on her voicemail at work, stating "[T]his is CPS calling for Colleen Mitchell," referenced an account number, and left a return telephone number.

**ANSWER:**    Defendant admits the allegations in Paragraph 15.

16.    Additionally, in March, 2007, Defendant Marauder continued to contact Ms. Mitchell, and also began calling Ms. Mitchell's 80-year-old mother, at her mother's residence, to demand payment of the paid American Medical debt. Defendant Marauder continued to contact Ms. Mitchell and her mother, by telephone, throughout April 2007.

**ANSWER:**    Defendant denies the allegations in Paragraph 16.

17.    In May, 2007, Ms. Mitchell obtained copies of her credit reports from with Experian and TransUnion.

**ANSWER:**    Defendant lacks knowledge sufficient to either admit or deny the allegations of Paragraph 17 of the Complaint, and therefore denies the same.

18.    Defendant TransUnion responded to Ms. Mitchell's dispute by sending her an °Updated credit file," dated May 31, 2007, in which TransUnion set forth that it had completed an investigation, and that there was a *verified* past due balance of $3,484, which was false because Marauder had no basis for claiming such a balance was ever due. This report also set forth an original balance of $1,305 owed for an open collection account to Defendant Marauder, but failed to set forth that the account was paid in full, and disputed by the consumer. The relevant portions of this credit report are attached as Exhibit E.

- 6 -

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibit E to her Complaint a credit report.  Defendant denies that Defendant had no basis for claiming a balance was due on Plaintiff's account.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 18 and therefore denies the same.

19.    On June 6, 2007, Defendant Experian responded to Ms. Mitchell's dispute and sent her an updated credit report, which included a "Summary of Investigation Results," that set forth the Marauder account was "verified on Jun 2007 and remains unchanged," that the information would remain in her credit file, and inaccurately set forth that there was a balance due of $3,484, which was false because Marauder had no basis for claiming such a balance was ever due. This report also set forth an original balance of $1,305 owed for an open collection account to Defendant Marauder, but failed to set forth that the account was paid in full, and disputed by the consumer. The relevant portions of this credit report are attached as Exhibit F̲.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibit F to her Complaint a credit report.  Defendant denies that Defendant had no basis for claiming a balance was due on Plaintiff's account.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 19 and therefore denies the same.

20.    Upon receipt of the results of TransUnion's and Experian's purported investigations as to the information furnished by Marauder on her credit reports, on June 25, 2007, Ms. Mitchell sent a further detailed dispute letter, via Certified U.S. Mail, to TransUnion and Experian and included with her dispute letters, proof that the debt was paid. Ms. Mitchell also copied both dispute letters to Defendant Marauder, via Certified U.S. Mail. Copies of the June 25, 2007 letters to TransUnion and Experian are attached as Exhibits G̲ and H̲ respectively.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibits G and H to her Complaint letters to TransUnion and Experian and those letters were copies to Defendant via certified mail. Defendant denies the remaining allegations of Paragraph 20.

21.    On August 2, 2007, Ms. Mitchell received another updated credit report from TransUnion, relative to her June 25, 2007 dispute letter. The first page of the updated report set forth that TransUnion had completed an investigation regarding the Marauder Corporation listing and the "Investigation Results" included NEW INFORMATION BELOW." The relevant portions of this credit report are attached as Exhibit I.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibit I to her Complaint a credit report.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 21.

22.    Ms. Mitchell also received an updated credit report from Experian, dated August 15, 2007, in response to her June 25, 2007 dispute letter. The relevant portions of this credit report are attached as Exhibit J.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibit J to her Complaint a credit report.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 21.

23.    The updated credit reports from TransUnion and Experian each respectively set forth purportedly verified listings of the information furnished by Marauder Corporation, and nonetheless set forth that there was still a balance due of $1,844. Other than noting that the Marauder Corporation listing was disputed by the consumer, however, the August, 2007 TransUnion and Experian credit reports did not include any other different or new information from the previous reports. See, Exhibits F and J.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibits F and J to her Complaint certain credit reports.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 23.

24.    Additionally, Ms. Mitchell obtained a copy of her TransUnion credit report on February 25, 2008, which sets forth the same false information relative to the Marauder Corporation listing, specifically that there is still a balance due of $1,844. Moreover, this credit report sets forth that the information furnished by Marauder was updated as of February 2008. The relevant portions of this credit report are attached as Exhibit <u>K</u>.

**ANSWER:**    Defendant admits that Plaintiff attaches as Exhibit K to her Complaint a credit report.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of Paragraph 24.

25.    TransUnion and Experian have received numerous disputes from other consumers throughout the country relative to incorrect account information being listed on their credit reports by Marauder.  In light of the fact that TransUnion and Experian repeatedly refused to conduct an independent investigation relative to Ms. Mitchell's disputes and unreasonably and willfully relied on the incorrect account information furnished by defendant Marauder, in spite of Ms. Mitchell's repeated disputes, TransUnion and Experian have persisted in unlawfully including false information in Ms. Mitchell's credit file.

**ANSWER:**    Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26.    All of Defendant Marauder's actions for which redress is sought occurred within one year of the date of this Complaint.

**ANSWER:**    Paragraph 26 asserts a legal conclusion to which no response is required.

27.    Defendant Marauder's statements are to be interpreted under the "unsophisticated consumer standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**    Paragraph 27 asserts a legal conclusion to which no response is required.

28.    All of Defendants Experian and TransUnion's actions for which redress is sought occurred within two years of the date of this Complaint.

**ANSWER:**    Paragraph 28 asserts a legal conclusion to which no response is required.

**COUNT I**
**Violations Of § 1692e Of The FDCPA –**
**Making False Statements**

29.    Plaintiff adopts and realleges ¶¶1-28. This Count is brought solely against Defendant Marauder.

**ANSWER:**    Defendant realleges its answers to Paragraphs 1 through 28 as if asserted herein. Defendant further admits that Count I is brought solely against Defendant Marauder, but denies any liability under Count I.

30.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to: the false representation of the character, amount or legal status of any debt; and, communicating any personal credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed: See, 15 U.S.C § 1692e(2)(A) and § 1692e(8).

**ANSWER:**    Paragraph 30 asserts a legal conclusion to which no response is required.

31.    By repeatedly misrepresenting the character and amount of the American Medical debt, by attempting to collect unauthorized collection fees, and by repeatedly communicating

false credit information to TransUnion and Experian, Defendant Marauder made false, deceptive, and/or misleading statements in violation of § 1692e of the FDCPA.

**ANSWER:**    Defendant denies the allegations in Paragraph 31.

32.    Defendant Marauder's violation of § 1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**    Defendant denies the allegations in Paragraph 32.

**COUNT II**
**Violations Of § 1692f Of The FDCPA -**
**Unfair and Unconscionable Collection Actions**

33.    Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against Defendant Marauder.

**ANSWER:**    Defendant realleges its answers to Paragraphs 1 through 28 as if asserted herein. Defendant further admits that Count II is brought solely against Defendant Marauder, but denies any liability under Count II.

34.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C § 1692f(1).

**ANSWER:**    Paragraph 34 asserts a legal conclusion to which no response is required.

35.    By repeatedly misrepresenting the character and amount of the American Medical debt, attempting to collect unauthorized collection fees, communicating false credit information to TransUnion and Experian, and by contacting Ms. Mitchell's mother in connection with its attempts to collect the alleged American Medical debt, Defendant Marauder used unfair and unconscionable collection actions in violation of § 1692f of the FDCPA.

**ANSWER:**     Defendant denies the allegations in Paragraph 35.

36.     Defendant Marauder's violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C § 1692k.

**ANSWER:**     Defendant denies the allegations in Paragraph 36.

**COUNT III**
**Violations Of § 1692c Of The FDCPA -**
**Communicating With Third Party**

37.     Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against Defendant Marauder.

**ANSWER:**     Defendant realleges its answers to Paragraphs 1 through 28 as if asserted herein. Defendant further admits that Count III is brought solely against Defendant Marauder, but denies any liability under Count III.

38.     Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with any person other than the consumer, or the consumer's attorney, in connection with the collection of any debt, without the prior consent of the consumer given directly to the debt collector. <u>See</u>, 15 U.S.C. § 1692c(b).

**ANSWER:**     Paragraph 38 asserts a legal conclusion to which no response is required.

39.     Defendant Marauder violated § 1692c(b) of the FDCPA by repeatedly calling Ms. Mitchell's in connection with its attempts to collect the alleged American Medical debt.

**ANSWER:**     Defendant denies the allegations in Paragraph 39.

40.     Defendant Marauders violation of § 1692f of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**ANSWER:**     Defendant denies the allegations in Paragraph 40.

## COUNT IV
### Violations Of § 1681s-2(b) Of The FCRA -
### Failing to Conduct Reasonable Investigation

41.    Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against

Defendant Marauder.

**ANSWER:**    Defendant realleges its answers to Paragraphs 1 through 28 as if asserted herein.

Defendant further admits that Count IV is brought solely against Defendant Marauder, but denies

any liability under Count IV.

42.    Section 1681s-2(b) of the FCRA requires that, upon receipt of notice of a

consumers dispute, made pursuant to § 1681i of the FCRA, as to information reported in the

consumers credit file, a furnisher of credit information must conduct an investigation as to the

consumer's dispute, review all of the information provided by the consumer reporting agency

and report the results of the investigation to the credit reporting agency. See, 15 U.S.C. § 1581s-

2(b).

**ANSWER:**    Paragraph 42 asserts a legal conclusion to which no response is required.

43.    By refusing or failing to reinvestigate the status of Ms. Mitchell's account in

response to her disputes with the credit reporting agencies and thus, furnishing false information

to TransUnion and Experian, Defendant Marauder violated § 1681s-2 of the FCRA.

**ANSWER:**    Defendant denies the allegations in Paragraph 43.

44.    Defendant Marauder's violations of § 1681s-,2 of the FCRA were willful,

rendering it liable far actual and punitive damages, costs and attorneys' fees pursuant to § 1681n

of the FCRA. See, 15 U.S.C. § 1681n.  In the alternative, Marauders violations were negligent,

rendering it liable for actual damages, costs and attorneys' fees, pursuant to § 1681o of the

FCRA. See 15 U.S.C. § 1681o.

**ANSWER:**    Defendant denies the allegations in Paragraph 44.

**COUNT V**
**Violations Of § 1681(i) Of The FCRA -**
**Failing to Conduct Reasonable Investigation**

45.    Plaintiff adopts and realleges ¶¶ 1-28. This Count is brought solely against Defendants TransUnion and Experian.

**ANSWER:**  As this Count is not brought against Defendant, no response is necessary.

46.    Section 1681i of the FCRA requires that, upon receipt of a consumer's dispute as to information in the consumer's credit file, a credit reporting agency must report the dispute to the furnisher of the credit information and conduct a reasonable investigation independent of the furnisher's investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the consumer's credit file. See, 15 U.S.C. § 1681i.

**ANSWER:**    As this Count is not brought against Defendant, no response is necessary.

47.    By refusing or failing to prevent the improper placement of incorrect credit information furnished by Marauder on Ms. Mitchell's credit files, and by failing to conduct a reasonable independent investigation upon receipt of Ms. Mitchell's dispute, Defendants, TransUnion and Experian, violated § 1681i of the FCRA.

**ANSWER:**    As this Count is not brought against Defendant, no response is necessary.

48.    Defendants TransUnion and Experian's violations of § 1681i of the FCRA were willful, rendering them liable for actual and punitive damages, costs and attorneys' fees pursuant to § 1681n of the FCRA. See, 15 U.S.C. § 1681n. In the alternative, TransUnion and Experian's violations were negligent, rendering them liable for actual damages, costs and attorneys' fees, pursuant to § 1681o of the FCRA. See, 15 U.S.C. § 1681o.

**ANSWER:**    As this Count is not brought against Defendant, no response is necessary.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations.

3.    Plaintiff's claims are barred because the alleged violations were unintentional and resulted from a bona fide error despite reasonable procedures Defendant took to prevent such an error, pursuant to 15 U.S.C. § 1692k(c).

4.    The damages suffered by Plaintiff, if any, were proximately caused by the acts, conduct or fault of other parties including, without limitation, Plaintiff.

5.    Plaintiff has not incurred any actual damages.

6.    Plaintiff's claims are barred because she has failed to mitigate her damages.

WHEREFORE, Defendant Marauder Corporation respectfully requests that the Court enter judgment in its favor, and against Plaintiff, and grant such other and further relief as the Court deems just and proper.

Dated:  April 25, 2008                    Respectfully submitted,

**Defendant Marauder Corporation, a California corporation, d/b/a Collection Professional Services and d/b/a Nationwide Capital Recovery**


By:    /s/ Gary S. Caplan_____
        Attorney for Defendant

        Gary S. Caplan (6198263)
        REED SMITH LLP
        10 South Wacker Drive, 40th Floor
        Chicago, Illinois 60606
        (312) 207-1000
        gcaplan@reedsmith.com

2174123

<u>**CERTIFICATE OF SERVICE**</u>

I, Gary S. Caplan, hereby certify that a true and correct copy of the foregoing **DEFENDANT MARAUDER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES** has been filed electronically this 25th day of April, 2008, and is available for viewing and downloading from the federal court's ECF system.  A copy of the foregoing has been served on counsel of record via the ECF system.

| | |
|---|---|
| David J. Philipps | Monica L. Thompson |
| Bonnie Dragotto | Albert E. Hartmann |
| Mary Elizabeth Philipps | Sharon R. Albrecht |
| Philipps & Philipps, Ltd. | DLA Piper US LLP |
| 9760 South Roberts Road | 203 North LaSalle Street |
| Suite One | Suite 1900 |
| Palos Hills, Illinois 60465 | Chicago, Illinois 60601 |
| davephilipps@aol.com | Monica.thompson@dlapiper.com |
| bdragotto@aol.com | Albert.hartmann@dlapiper.com |
| mephilipps@aol.com | shari.albrecht@dlapiper.com |

Katie Marie Poleon
Angela M. Muccino
Jones Day
77 West Wacker Drive
Chicago, Illinois 60601-1692
kpoelon@jonesday.com
amuccino@jonesday.com
scollazo@jonesday.com

By:  _____/s/ Gary S/ Caplan_____